UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| **MARCIA ANDERSON,** | : | Criminal No. 08-00105 (CKK) |
| | : | |
| **Defendant.** | : | |
| | : | |

### GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Fed. R. Crim. P. 32.2, for a Preliminary Order of Forfeiture against the defendant Marcia Anderson. A proposed Consent Order of Forfeiture, which the defendant and her counsel signed, was submitted by the defendant and United States to the Court at the time of the plea hearing. An unsigned a copy of said Consent Order is attached to this motion.

On April 16, 2008, defendant Anderson pleaded guilty to an Information alleging that defendant Anderson employed a scheme to defraud and obtained money and property belonging to the Washington Metropolitan Area Transit Authority ("WMATA") by false and fraudulent pretenses, representations, and promises in violation of 18 U.S.C. § 1343. In addition, the plea agreement sets forth the defendant's agreement to criminal forfeiture of a money judgment pursuant to 18 U.S.C.§ 982(a)(1), and the administrative, civil or criminal forfeiture of specific property that is directly or indirectly traceable to proceeds of the fraud scheme. The guilty plea also established the requisite nexus between the specific property and the fraud scheme committed by the defendant. The plea agreement specifically identified the following property for forfeiture:

>Your client agrees to a money judgment of $560,722.45, which she agrees constitutes an amount of proceeds she derived from the wire fraud scheme. In addition, your client agrees not to contest the administrative, civil or criminal forfeiture of any and all assets, heretofore seized by the government ("Subject Properties"), including: $3,484.70 in U.S. currency; two Western Union money orders valued at $2,000.00; one Toshiba A205-S4587 laptop computer; one HP Pavillion dv600 laptop computer, $20,739.21 in funds seized from SunTrust account # xxxxxxxx2124; $2,860.77 in funds seized from SunTrust account # xxxxxxxx6195; a 2005 Nissan Pathfinder, VIN#: 5N1AR18W75C717814; and a 2003 BMW 525i, VIN#: WBADT33483GF43374 seized by law enforcement on or about October 10, 2007. Ms. Anderson also agrees to provide a sworn statement from her son, Owen George Anderson, Jr., in which he agrees not to contest the forfeiture or make a claim with respect to the 2005 Nissan Pathfinder, VIN#: 5N1AR18W75C717814. Ms. Anderson agrees that, notwithstanding how such asset may have been titled, she owns and exercises dominion and control over the 2005 Nissan Pathfinder.

The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)), which provides for forfeiture of any property constituting or derived from proceeds obtained directly or indirectly as a result of an "specified unlawful activity." Wire fraud is a "specified unlawful activity" pursuant to 18 U.S.C. § 1956(a)(7)(A) (incorporating 18 U.S.C. § 1961). Sentencing is scheduled for August 8, 2008.

In light of the defendant's impending sentencing and the identification of the specific property agreed upon as being subject to forfeiture, the government submits that forfeiture is now mandatory. See United States v. Monsanto, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applies . . ."); United States v. Gilbert, 244 F.3d 888, 909 (11th Cir. 2001) ("forfeiture is a mandatory element of sentencing") (emphasis in original); United States v. Corrando, 227 F.3d 543, 552 (6th Cir. 2000) (forfeiture is a mandatory aspect of the sentence; district court erred in refusing to order forfeiture of "sufficiently quantifiable" proceeds of RICO offense); United

States v. Johnston, 199 F.3d 1015, 1022 (9th Cir. 1999) (criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes).

Rules 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide, in pertinent part, that:

> (1)  As soon as practicable after a verdict . . . on any count in the indictment . . . with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. . . . The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> (2)  If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in all or part of it.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (3)  The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence the proceedings that comply with any statutes governing third-party rights.  At sentencing -- or at any time before sentencing if the defendant consents -- the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. . . .

Thus, Rules 32.2(b)(1) and (2) require the entry of a Preliminary Order of Forfeiture after the Court has determined what property is subject to forfeiture.  Based on the evidence presented at the defendant's guilty plea, the government submits that the United States has established the requisite nexus between the property specified in the Information and the wire fraud scheme.

Accordingly, that property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)).

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described in the plea agreement. The United States requests that the Court enter this Preliminary Forfeiture Order so that the government can begin its process of publishing notice of its intent to forfeit the specific property now, and possibly have this matter fully resolved by the time of sentencing.[1]

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


\_\_/s/_____
FREDERICK YETTE, D.C. Bar #385391
Assistant United States Attorney
U.S. Attorney's Office
555 Fourth St., N.W., Rm. 4834
Washington, D.C.  20530
202-353-1666
Frederick.Yette@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the forgoing Motion to be served upon counsel for defendant by means of the Court's ECF system on this 14th day of May, 2008.

\_/s/_____
Assistant United States Attorney

---

[1] Assuming notification is completed and no claims are filed, the government will prepare a final order of forfeiture for the Court to enter at the time of sentencing.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **MARCIA ANDERSON,** | : | |
| | : | |
| **Defendant.** | : | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, a written plea agreement was filed with this Court and signed by defendant **MARCIA ANDERSON** and her counsel, Billy L. Ponds, Esquire, in which defendant Anderson agreed to plead guilty to a felony violation of a scheme to commit wire fraud, in violation of 18 U.S.C. § 1343.

WHEREAS, the Information also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to 28 U.S.C. § 2461(c) (incorporating 18 U.S.C. § 981(a)(1)(C)), as property constituting, derived from, or traceable to proceeds obtained from the commission of the offense set forth above.

WHEREAS, in her plea agreement, the defendant expressly agreed and consented to the entry of an Order of Forfeiture, under Fed.R.Crim.P. 32.2(b)(2), which concerns property subject to forfeiture, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the scheme to commit wire fraud.

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that the "Subject Property" is subject to forfeiture pursuant to 28 U.S.C. § 2461(c)'s incorporation of 18 U.S.C. § 981(a)(1)(C), and that the Government has established

the requisite nexus between such property and violation of 18 U.S.C. § 1343;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C):

MONEY JUDGEMENT:

$560,722.45, which constitutes an amount of proceeds defendant derived from the wire fraud scheme;

SUBJECT PROPERTY

a) $3,484.70 in U.S. currency;

b) two Western Union money orders valued at $2,000.00;

c) one Toshiba A205-S4587 laptop computer;

d) one HP Pavillion dv600 laptop computer;

e) $20,739.21 in funds seized from SunTrust account # xxxxxxxx2124;

f) $2,860.77 in funds seized from SunTrust account # xxxxxxxx6195;

g) a 2005 Nissan Pathfinder, VIN#: 5N1AR18W75C717814; and

h) a 2003 BMW 525i, VIN#: WBADT33483GF43374 seized by law enforcement on or about October 10, 2007.

2. The money judgement will be reduced by the value received by the government of Subject Property seized, upon such property's forfeiture.

3. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to

have an alleged interest in the Subject Property. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. § 853).

      4. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

      5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

      6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

      7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Anthony M. Alexis and Jocelyn Ballantine, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this _____ day of _____, 2008.


_____
UNITED STATES DISTRICT JUDGE


WE ASK FOR THIS:

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
United States Attorney



By: _____
ANTHONY M. ALEXIS
JOCELYN BALLANTINE
Assistant United States Attorneys
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-9416
(202) 514-7533



_____    _____
MARCIA ANDERSON                      BILLY L. PONDS, ESQUIRE
Defendant                            Counsel for Defendant Anderson