IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO.: 08-105 (CKK) |
| v. | : |
| MARCIA ANDERSON, | : **FILED** |
| Defendant. | : JUL 3 1 2008 |
| | : NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. On April 23, 2008, the defendant pleaded guilty to one count of wire fraud, in violation of 18 USC § 1343. Paragraph 84 of the Presentence Report indicates that the sentencing guideline range for the defendant is 33 to 41 months incarceration, and the government urges the Court to impose a sentence within that sentencing range.

From 2001 to 2007, the defendant was employed by the Washington Metropolitan Area Transit Authority ("WMATA") as a supervisor in the Transit Sales Office. Defendant Anderson who supervised 10-15 transit sales clerks, was responsible for the collection of and accounting for cash that was generated by sale of bus tokens and metro fare cards. However, instead of performing her duties honestly she devised a scheme to steal cash from the cash drawers of the transit sales clerks she supervised. The defendant covered-up her thievery by replacing the stolen cash with cancelled Metrocheks that should have been destroyed by the WMATA treasury. Defendant Anderson's rather elaborate scheme – which is described in detail in the Statement of Offense – also

required her to repeatedly falsify various journal and balance sheet entries that WMATA's accounting system relied upon. After six years of stealing from WMATA, Defendant Anderson had gained more than $560,000, which she used for her own personal benefit. The defendant has agreed to the entry of a Consent Order of Forfeiture, which requires the entry of a money judgement in the amount of $560,722.45, and that is a significant part of the defendant's sentence.

But defendant Anderson's behavior cannot be condoned or punished lightly. The Metro system is a valuable public asset which relies on the honesty of its employees. When employees steal money from WMATA, they deprive the system of funds needed to buy new equipment and repair old equipment, which keeps those using the system safe. That is but one example of the type of financial damage that occurs because of a theft as sizeable as defendant Anderson's.

This is a case in which the defendant used her position as a supervisor to aid her in her fraudulent conduct. Because of her supervisory position, defendant Anderson was in position to see a flaw in WMATA's cash collection system, but instead of notifying her superiors so that the flaw could be corrected, she exploited that flaw for six years and stole thousands of dollars. A significant sentence is therefore necessary to ensure that other individuals who face similar situations will be encouraged to do what is right, that is, protect the financial interests of their employer and the public, rather than profit at their expense. In other words, the serious nature of this crime, as well as the deterrent value of a significant sentence are important factors to consider in fashioning an appropriate sentence.

Wherefore, the government urges the Court to impose a sentence within the sentencing guideline range of 33 to 41 months incarceration.

                                  Respectfully submitted,

                                  JEFFREY A. TAYLOR
                                  United States Attorney
                                  D.C. Bar No.498 610

By:          /s/
       FREDERICK W. YETTE, DC Bar 385 391
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 353-1666
       Frederick.Yette@usdoj.gov